# IN THE COURT OF APPEALS OF IOWA

No. 17-2027
Filed February 7, 2018

**IN THE INTEREST OF M.R. and K.R.,**
**Minor Children,**

**C.R., Father,**
　　Appellant.

_____

　　Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

　　The father appeals from an order terminating his parental rights pursuant to Iowa Code chapter 232 (2017). **AFFIRMED.**

　　Kelsey L. Knight of Carr & Wright, P.L.C., Des Moines, for appellant father.

　　Thomas J. Miller, Attorney General, and John B. McCormally, Assistant Attorney General, for appellee State.

　　Nicole Garbis Nolan of Youth Law Center, Des Moines, guardian ad litem for minor children.

　　Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

Casey appeals from an order terminating his parental rights in his two children, K.R. (born 2016) and M.R. (born 2017). This court reviews termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The statutory framework authorizing the termination of a parent-child relationship is well established and need not be repeated herein. *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010) (setting forth the statutory framework).

On appeal, Casey contends there was insufficient evidence supporting the statutory grounds authorizing termination of his parental rights. The juvenile court terminated Casey's parental rights pursuant to Iowa Code section 232.116(1)(e) and (h) (2017). We focus our analysis on ground (h). *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) (noting if "the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record"). Under this provision, as relevant here, the State was required to prove by "clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102." Iowa Code § 232.116(1)(h)(4). We have interpreted this to require "clear and convincing evidence the children would be exposed to an appreciable risk of adjudicatory harm if returned to the parent's custody at the time of the termination hearing." *In re E.H.*, No. 17-0615, 2017 WL 2684420, at *1 (Iowa Ct. App. June 21, 2017).

Upon our de novo review, we find the State proved its case by clear and convincing evidence. In May 2016, K.R. was removed from the parents' care after the mother's parole was revoked when she tested positive for controlled

substances. Casey consented to removal of the child. M.R. was born in 2017, and she was also removed from the parents' care. Since the time of M.R.'s removal from the care of the family, Casey failed to progress. He continued to use drugs, including methamphetamine. He was incarcerated on multiple occasions and absconded on another occasion. Because he was avoiding law enforcement, Casey failed to exercise visitation with the children. Casey was most recently arrested May 4, 2017, and charged with new drug offenses. By the time of the termination hearing, he had been convicted of possession of a controlled substance and driving while barred. The district court took judicial notice of Casey's criminal proceedings, however it failed to make a record and identify with particularity the specific documents of which it took notice. *See In re Adkins*, 298 N.W.2d 273, 278 (Iowa 1980) (reminding district court that "[t]rial court's ruling in the termination proceeding should state and describe what it is the court is judicially noticing"). Nonetheless, we know from the trial testimony Casey was incarcerated at the time of the termination hearing awaiting placement in a residential treatment facility. He conceded he was not in the position to take care of either child. This is sufficient evidence to authorize the termination of Casey's parental rights. *See, e.g., In re A.B.*, 815 N.W.2d at 776 (noting drug addiction can render a parent unable to care for children); *In re W.J.*, No. 17-0991, 2017 WL 3525340, at *1 (Iowa Ct. App. Aug. 16, 2017) (affirming termination where, among other things, parent continued with "criminal behavior"); *In re E.N.*, No. 16-2135, 2017 WL 514405, at *2 (Iowa Ct. App. Feb. 8, 2017) (affirming termination where mother continued "to engage in criminal behavior"); *In re R.P.*, No. 16-1154, 2016

WL 4544426, at *2 (Iowa Ct. App. Aug. 31, 2016) (affirming termination of parental rights of parent with history of drug abuse).

We decline Casey's request to defer permanency for an additional six months. To grant such a request we must be able to articulate factors that illustrate why the need for removal will no longer exist at the end of the six-month extension. *See* Iowa Code § 232.104(2)(b). The juvenile court already granted one such request to Casey, but Casey did not avail himself of the opportunity to address the behaviors giving rise to removal. Instead, his conduct worsened. Casey's past conduct is the best indicator of his future conduct. There is no reason to believe the need for removal will no longer exist if Casey is granted a second six-month extension. Indeed, he agreed at the termination hearing that the children could not be placed with him in the next six months. There is no need to address this argument further.

Casey argues termination was not in the best interest of the children. As a general rule, "'the needs of [children] are promoted by termination of parental rights' if the grounds for termination of parental rights exist." *In re L.M.F.*, 490 N.W.2d 66, 68 (Iowa Ct. App. 1992) (citation omitted). Further, "[i]nsight for the determination of the child's long-range best interests can be gleaned from evidence of the parent's past performance for that performance may be indicative of the quality of the future care that parent is capable of providing." *In re A.B.*, 815 N.W.2d at 778. Based on his past performance, there is no indication Casey could provide for the needs of the children going forward. He has unresolved domestic-violence and substance-abuse issues. He has not demonstrated sobriety outside a custodial setting. He has not demonstrated the capacity to provide for the

physical, social, or emotional needs of the children. Casey has not exercised visitation with the children in over six months. There is no evidence that maintenance of the parent-child relationship is in the best interest of the children.

Casey argues this court should exercise its discretion and preserve the parent-child relationship on the ground that placing the children with their grandparents in a guardianship makes termination unnecessary. Placement of a child with a relative under a permanency order is not a legally preferable alternative to termination of parental rights. *See In re A.S.*, ___ N.W.2d ___, ___, 2018 WL 480373, at *9 (Iowa 2018); *In re N.M.*, No. 17-0054, 2017 WL 1088119, at *3 (Iowa Ct. App. Mar. 22, 2017); *In re L.M.F.*, 490 N.W.2d at 67–68. "An appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child." *In re C.K.*, 558 N.W.2d 170, 174 (Iowa 1997). On the record presented, we find no reason to preserve the parent-child relationship and risk disruption to the children's stable home with their grandparents.

Related to the argument in the preceding paragraph, Casey appears to argue there is a procedural due process "obligation to seek a less restrictive solution than termination of parental rights." He relies on the procedural-due-process framework set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Our courts have not adopted this rule with respect to a claim of procedural due process, and we decline to do so. In our view, this approach confuses the right to due process with a right to a favorable substantive result. *See In re K.M.*, 653 N.W.2d 602, 607 (Iowa 2002) (rejecting procedural-due-process challenge to substantive provision and stating, "the parents in this case are clearly entitled to

procedural due process: notice and a meaningful opportunity to be heard"). Casey received the process due under the circumstances presented. To the extent Casey is raising an argument under Iowa Code section 232.99(4) we find it underdeveloped and unpersuasive considering all the circumstances of the case.

For the foregoing reasons, we affirm the termination of Casey's parental rights in K.R. and M.R.

**AFFIRMED.**